UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WILLIAM RICHARDS,

        Petitioner,                  Case No. 1:07-cv-1104

v.                                        Honorable Paul L. Maloney

KENNETH McKEE,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it plainly appears that the petition lacks merit.

**Discussion**

    I.        Factual allegations

Petitioner Robert W. Richards presently is incarcerated with the Michigan Department of Corrections and housed at the Bellamy Creek Correctional Facility. Petitioner pleaded guilty as a second felony offender, MICH. COMP. LAWS § 769.10, in the Kalamazoo County Circuit Court to one count of manslaughter, MICH. COMP. LAWS § 750.321, one count of conspiracy to deliver or manufacture methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i), and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced on January 27, 2006 to concurrent terms of 10 to 22½ years and 15 to 30 years on the manslaughter and drug charges, respectively, together with a term of 2 years on the felony firearm offense to run consecutively to the manslaughter sentence. Petitioner subsequently sought re-sentencing, which was denied on September 22, 2006.

Petitioner filed a delayed application to the Michigan Court of Appeals. He argued that the trial court erred when it based his sentence for conspiracy to manufacture methamphetamine on inaccurately scored sentencing guidelines. (Def. Delayed App. for Lv. to Appeal, Am. Pet., Att. 1.) The court of appeals denied the application for leave to appeal on March 1, 2007, for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on June 26, 2007. He filed his habeas petition in this Court on November 1, 2007, and an amended petition on January 17, 2008.

II.  Analysis

Petitioner complains that his sentence was based on mistakes in the scoring of the sentencing guidelines. Specifically, he complains that he was mis-scored under Prior Record Variable (PRV)1 and PRV2, and under Offense Variable (OV)1 and OV3.

Under PRV1, Petitioner received a score of 25 points because the court concluded that Petitioner had one "high-severity" felony conviction. Under PRV2, Petitioner received a score of zero points. Petitioner contends that the 1995 embezzlement conviction used to calculate points under PRV1 was entered before the enactment of the statutory sentencing guidelines. *See* MICH. COMP. LAWS § 769.34 (eff. Jan. 1, 1999). Under the judicial sentencing guidelines in operation at the time of his 1995 offense, all fraud convictions were scored as low-severity felonies. At the time the statutory guidelines were enacted in 1998, the embezzlement statute was amended to make the conduct underlying Petitioner's 1995 conviction a misdemeanor. *See* MICH. COMP. LAWS 750.174. Petitioner therefore argues that his offense should be considered a low-severity felony and he should have received zero points under PRV1 and five points under PRV2. Had PRV1 and PRV2 been scored properly, Petitioner argues, he would have faced a guidelines range of 84 to 175 months rather than 99 to 200 months for the prior record scores he was given.

Petitioner also complains that, in his sentencing on the charge of conspiracy to manufacture methamphetamine, he improperly was scored 25 points on OV1 for "Aggravated Use of a Weapon" and 100 points on OV3 for "Degree of Physical Injury to a Victim." Petitioner argues that he admitted no facts during the plea that would have supported the scores. Instead, Petitioner admitted only that the firearm was used in conjunction with the manslaughter; he did not admit the manslaughter was connected to the drug offense. As the result of the alleged improper scoring on

the offense variables, Petitioner contends that his guideline range would have been further reduced from 84-175 months to 36-75 months.

Petitioner makes two separate arguments about why he is entitled to habeas relief for the court's inaccurate calculations of the prior record variables and offense variables. First, he argues that the trial court violated his Sixth Amendment rights as enunciated in *Blakely v. Washington*, 542 U.S. 296 (2004), when it made findings of fact that were neither proven to a jury beyond a reasonable doubt nor admitted by Petitioner when he entered his plea. Second, he contends that the court's application of the sentencing variables violated Michigan law.

### A.  Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### B. *Blakely* Claim

Petitioner contends that the trial court improperly found that he both used a weapon and seriously harmed a victim in relation to his methamphetamine conviction. He also argues that the Court impermissibly scored him as having a prior high-severity felony conviction. Both findings, he contends, violated the Sixth Amendment.

Petitioner bases his argument on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any

fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's challenge to his sentence is frivolous because *Blakely* does not apply to Michigan's sentencing scheme. Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *see also People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Both this Court and the Eastern District of Michigan have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See, e.g.*, *Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007). Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *Id.* These decisions are in accord with the well-reasoned opinion of the Michigan Supreme Court in *People v. Drohan*, 715 N.W.2d 778 (Mich. 2006). Because the trial court in the present case sentenced Petitioner well

within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See, e.g., Gray*, 2007 WL 172519, at *3; *McNall v. McKee*, No. 1:06-cv-760, 2006 WL 3456677, at * 2 (W.D. Mich. Nov. 30, 2006); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones*, 2007 WL 405835, at *3; *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

Petitioner's *Blakely* claim, therefore, is frivolous. The state court's denial of his application for lack of merit in the grounds presented was patently reasonable.

### C. Inaccurate Calculation Under State Law

Petitioner next contends that the sentencing judge impermissibly counted as a high-severity felony his 1995 embezzlement conviction involving $319.00. According to Petitioner, at the time the judicial sentencing guidelines were adopted in 1988, all fraud convictions were considered low-severity felonies. When the the statutory sentencing guidelines became effective on January 1, 1999, *see* MICH. COMP. LAWS § 769.34, the requirements of Petitioner's substantive fraud offense also changed. Under the 1999 amendment, Petitioner's offense conduct would have constituted only a misdemeanor. *See* MICH. COMP. LAWS § 750.174.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000)

(alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits [if] the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information

in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner makes no assertion that the state court relied on false information in imposing sentence. Indeed, Petitioner expressly admitted his prior conviction in pleading guilty to being a second felony offender. Petitioner's sole argument is that the state court gave undue weight to his prior conviction by treating it as a high-severity felony. That claim rests solely on state law. Petitioner entirely fails to assert a claim of constitutional dimension.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it plainly appears that the petition lacks merit. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  March 28, 2008                                     /s/ Ellen S. Carmody
                                                                           ELLEN S. CARMODY
                                                                           United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).